FILED

JUL - 6 2010
7-6-2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

ENOCH LACEY             :
    Petitioner

    V.             :           Case No. 1:06-cr-00448-1

UNITED STATES OF AMERICA  :
    Respondent  :

10 C 4177
Judge Virginia M. Kendall
Magistrate Judge Nan R. Nolan

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE SET ASIDE

## OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

NOW COMES, the Petitioner Enoch Lacey, proceeding pro se in the above caption

matter, asking this honorable court to construe this pleading liberally as it deems

appropriate. The Petitioner states for the record that he is a pro se litigant without any

formal training in the law pursuant to *Haines v. Kerner 404 U.S. 519, 92 S.Ct. 594, 30 L.*

*ED. 2d 652* (1972).

## INTRODUCTION

A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1)

violated the constitution or laws of the United States, (2) exceeded it's jurisdiction, (3)

exceeded the maximum authorized by law or (4) is subject to collateral attack, 28 U.S.C.

2255; *United States v. Phillips* 255 F. 3d. 1198, 1199 (11 cir. 2000); *Thomas v. Crosby,*

371 F.3d 782 (11 cir 2004); *United States v. Walker* 198 F. 3d 811 n.5 (11cir. 1999).

Relief under 2255 is reserved for transgressors of constitutional rights and for that narrow

compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier* 477 U.S. 478, 496, 106 S.Ct. 2639,2649, 91 L.Ed 2d. 397 (1986), provides that it must be shown that the alleged constitution violation "has probably resulted in the conviction of one who is actually innocent...[a] prisoner in custody under sentence of a court... claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255.

Unless the [2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. We have interpreted this law and held that "if a prisoner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim".*Aron*291 F.3d at 714-15.

2

## STATEMENT OF RELEVANT FACTS

On or about June 15, 2006 Enoch Lacey (hereinafter Petitioner), was arrested and charged with Possession with intent to deliver heroin 18 U.S.C.§ 841 (a) (1) and possession of a firearm, 18 U.S.C. § 922 (g)(1). The petitioner plead guilty to the abovementioned charges on or about April 11, 2008 before the honorable judge Virginia M. Kendall The Petitioner was sentenced to (166) months on count three (3) and (120) months on count (4). Count three and count four are to run concurrently, Further the Petitioner was given a term of three (3) years supervised release to follow his imprisonment.

On October 14, 2008 he filed a timely notice of appeal to the Seventh Circuit Court of Appeals appealing the reasonableness of his sentence stating the district court did not adequately consider his coercion argument.

The Petitioner's appeal was argued on June 9, 2009 and his conviction was affirmed and returned to him on July 17, 2010 and entered on July 20, 2010.

This motion pursuant to 28 U.S.C. § 2255 now follows in a timely manner pursuant to *Clay v. United States, 537* U.S. 522, 155 L.Ed. 2d. 123 S. Ct. 1072 (2005).

## ISSUE ONE

## GUN ENHANCEMENT

## RULE OF LAW

Now the Petitioner request the court to consider his (120) month term for violation of 18 U.S.C. § 922(g) (1). The Petitioner had completed all obligations to the State of Illinois and had his civil rights restored. The Petitioner received a document from the state of Illinois stating that his principal civil rights had been restored, while neglecting to mention the continuing federal firearm disability. The United States Court of Appeals for the seventh Circuit has concluded that three civil rights matter: the right to vote, to hold office, and to serve on juries. If these are restored, then a conviction does not carry federal firearms disabilities or support enhancement unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, posses, or receive firearms. The United States Court of Appeal for the Seventh Circuit's decisions, the "express "notice must be in the document informing the convict of the pardon, expungment, or restoration of civil rights, rather than the states statutes at large.

In *Williams v. United States*, 128 F.3d 1128, 1134 (7th cir. 1997), that three civil rights matter: the right to vote, to hold office, and to serve on juries. If these are restored, then a conviction does not carry federal firearms disability or support 18 U.S.C. §924 (e) enhancements "unless such pardon expungment, or restoration of civil rights expressly

4

provides that the person may not ship transport, posses or receive firearms. When the Petitioner's Illinois state term expired, and he was releases from the Illinois Department of Corrections sent him a notice (applicable to his prior state convictions) reading: **"We have been advised by the field offices of the Illinois Department of Corrections that you have completed the maximum of your sentence as of May 15, 2006 on this date your obligation to the department ceases. We are pleases to inform you of the restoration you right to vote, and to hold offices created under the constitution of the state of Illinois. You also have the right to restoration of licenses granted to you under the state of Illinois is such license was revoked solely as U.S.C. §922 (g) (1).a result of your conviction, unless the licensing authority determines that such restoration would not be in the public interest".**

The Petitioner contends that this notice is a "restoration of civil rights and that, because it does not provide that he "may not ship, transport, posses, or receive firearms", none of his prior convictions meet the definition of a crime punishable by imprisonment for a term of one year". With his convictions erased the petitioner no longer has convictions making him eligible for enhancement under 18 U.S.C. § 922 (g) (1).


*Logan v. United States,* 552 U.S. 23.128 S.Ct. 475, 168 L.Ed 2d. 432 (2007), holds that if a person never loses any of the "big three" civil rights, then they cannot be "restored "for the purpose of the hanging paragraph's second sentence. To restore means to give back. But the Petitioner did lose civil rights; they could be, and were "restored" to him; and the document announcing this restoration could have contained (but lacked) a warning that he must not posses firearms. Illinois law forbids felons to posses' firearms, unless the

Director of the 'State Police grants a dispensation. 720 ILCS 5/24-1 .1 (a). Lacey's convictions have not been set aside, so this rule applies, though it was not mentioned in the notice telling Lacey that his civil rights had been restored. A because of this circuit's decisions, the "express" notice must be in the document informing the convict of the pardon, expungment, or restoration of civil rights, rather than in the state's statutes at large, the enhancement appeared infirm. See, e.g. , _United States v. Erwin,_ 902 F.2d. 510 (7th cir.1990);_United states v. Dahler,_143 F.3d. 1213,1218 (7th cir. 1998); _United States v.Votrano ,_405 F.3d. 506,509-10 (7th cir.2005). Therefore because the petitioner had his civil rights restored he is not guilty of violation of 18 U.S.C. § 922(g) (1) and his 120 month sentence should be vacated and remanded, _Unites States v. Shue_ 525 F.2d 1111,1114 (7th cir. 1987).

## ISSUE TWO

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Petitioner now avers that his counsel at sentencing was ineffective and fell below the standard mandated in _Strickland v. Washington_ 466 U.S. 686, 104 S.Ct. 2052, 80 L.Ed. 2d. 674(1984). Where the defendant must show(1) counsel's performance fell below objective standard of reasonableness under prevailing professional norms (The "performance" prong); and (2) counsel's performance prejudiced the defendant at the time of trial, i.e., his errors were of such magnitude that the verdict is unreliable (The "prejudice" prong). _Murrell v. Frank,_ 332 F.3d 1102, 1111 (7th cir.2003); _Anderson v. Sternes,_ 243 F.3d 1049, 1057 (7th cir.2001). The Petitioner's counsel was ineffective for

his failure to file a motion for downward departure pursuant U.S.S.G. 5K2.12 "coercion duress". Though the Petitioner was not using coercion as a defense for his actions counsel could have and should have file this motion for the court's consideration under U.S.S.G. 5K2.12 by failure to do so counsel barred the Petitioner from addressing this issue on direct appeal *United States v. Poff,* 976 F.2d 588,590 (7th Cir.) (En banc), cert .denied 116 L.Ed. 2d 67, and *United States v. Brown* 14 F.3d 337,340 (7th cir. 1994).

Counsel's lack of addressing this important issue at sentencing falls below objective standard of reasonableness pursuant to *Strickland v. Washington,*466 U.S. 668 (1984). Further the petitioner was prejudiced because of the Petitioner meeting the qualifications for a downward departure under U.S.S.G. 5K2.12. Counsel's lack of performance hurt the Petitioner at sentencing by which his base offence level could have been reduced by evidence of coercion even if an entrapment defense had not been successful *United States v. Sanchez,*924 F.2d 769 (7th cir. 1993). 5K2.12 requires only a more general "threat of physical injury "or "substantial damage to property", and thus reflects a broader conception of coercion than does the affirmation defense. Because he was nearly coerced into participating in a drugs- for –guns swap, Counsel himself pointed to excerpts of the transcript conversations and recorded phone calls between the undercover officer and the Petitioner and argued that, although the coercion did not rise to the level of a defense to the underlying charges, Lacey was nevertheless pressured to consummate the sale. And though the court considered the coercion argument Lacey avers that counsel's failure to petition the court for a downward departure under U.S.S.G. 5K2.12 would have given him another available avenue to receive a shorter sentence. By not petitioning for a

7

downward departure under U.S.S.G. 5K2.12 counsel was ineffective under *Strickland v. Washington,*466 U.S. 669, 686;104 S.Ct. 2052;80 L.Ed 2d 674 (1984);*United States v. Suggs* ,513 F3d 678 (7ᵗʰ cir.2008); *Gray v. Greer,*800 F.2d 644 (7ᵗʰ cir 1985).


## ISSUE THREE

## PLAIN ERROR MISAPPLICATION OF CAREER OFFENDER PROVISION

## U.S.S.G 4B1.1


The petitioner now contends that the district court acted in Plain Error when it came to the process of placing him as a career under U.S.S.G 4B1.1. His criminal history was calculated incorrectly, *United States v. Jackson,* 547 F. 3d 786,792 (7ᵗʰ cir.2008). "First we insure that the district court did not commit any significant procedural error", of which include failing to calculate or improperly calculating the applicable guideline range; treating the guidelines as mandatory or failing to consider 18 U.S.C. § 3553(a) factors see *United States v. Gall,* 532 U.S.38, 128 S. Ct. 586, 597 169 L.Ed 2d. 445 (2007); *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Pursuant to U.S.S.G. 4B1.2 (b) "the term "controlled substance offence" means an offence under Federal or State law, punishable by imprisonment for a term exceeding one year. In the instant case the court used Manufacturing/ Delivery of a Controlled substance to qualify him as a career offender under U.S.S.G. 4B1.1. But this predicate offence does not qualify the Petitioner for career offender under U.S.S.G. 4B1.2 (c) (2) d, (1) because the age of the conviction, (2) the fact that no term of incarceration was imposed. This

prior conviction did not qualify as a predicate offence for a controlled substance under 4B1.2 (b) ; *United States v. Seib* 555 F. Supp 2d 981 (2008).

US Sentencing Guidelines Manual 4A1.2 section 4A1.2(d) explains that when convictions for offences committed prior to age eighteen are counted : (1) if the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add 3 points under U.S.S.G. § 4A1.1 (a) for each such sentence ; in any other case, (A) add 2 points under 4A1.1 (b) for each adult or juvenile sentence to confinement of at least 60 days if the defendant was released from such confinement within five years of commence of the instant offence; (B) add 1 point under 4A 1.1 (c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offence not covered in (A),U.S.S.G. 4A1.2 (d).

Therefore the Petitioner's prior Manufacturing / Delivery of a controlled substance does not fall within the proper time range to score criminal history points and is not a legal career offender predicate. U.S.S.G.§ 4B1.2 cmt. N.3 ("the provisions of § 4A1.2 definitions and instructions for computing criminal history are applicable to the counting of convictions under § 4B1.1"); See *United States v. Mason,* 284 F.3d 555, 558,59 (4th cir. 2002) ("Our court has been very clear about the role of § 4A1.2 in determining career offender status under § 4B1.1: ' Whether a prior conviction must be counted under § 4b1.1 is determined by reference to 4A1.2' *United States v. Bacon,* 94 F.3d 158,161 (4th cir.1996").

In the present case, the Petitioner's prior record contained two felony drug convictions in Illinois. The application of 4B1.2 explains that for career offender purposes a "prior felony conviction "must be an: adult federal or state conviction punishable by death or imprisonment for a term of one year. However, as noted a career offender [predicate must also score criminal history points under 4A1.2. In this case, the defendant's cocaine manufacturing /delivery should not have scored criminal history points because his 1998 conviction was a term of probation and was imposed more than five years before the commencement of this instant offence. Thus the district court erred in using this conviction as (1) criminal history points, and (2) predicate offence for career offender See *Mason*, 284 F. 3d at 559.

In this case the district court failed in this obligation to calculate correctly advisitory guideline range and decide whether to impose a sentence within the range or outside of it ,*United States v. Robinson*, 435 F.3d 699, 700-01 (7th cir. 2006). But the court imposed a sentence within the career offender guideline range when according to the defendant's correctly calculated guideline range he would have gotten a substantially lower sentence.

Further it was the Court's position that the Petitioner had accumulated 13 criminal history points but he contends this is a wrong calculation because first the Petitioner's 1998 controlled substance conviction was not a legal predicate offence, deducting points from his criminal history and, secondly he was not on parole at the time of the instant offense where an additional two points were added. He had completed his Illinois state parole as of May 15,2006. The criminal history should have totaled (10) points placing him in

category V which would have dramatically changed his sentence, but he was scored with 13 criminal history points when he should have received 10 points. He received no incarceration for his 1998 conviction and because of the time that had elapsed he believes the court erred in applying U.S.S.G. 4B1.1 to him when a correctly calculated guideline range would have placed him in category V with 10 criminal history points, *United States v. Mason,* 284 F.3d at 559; *United States v. Seib*, 555 F.Supp 2d 981 (2008). Because at the court should grant an evidentiary hearing to review and to make necessary corrections in this case to determine the correct guideline range at which he should be sentenced.

## Conclusion

Wherefore, with the above being stated, the Petitioner's prayer is that this Honorable Court vacates his sentence his sentence, and resentence him to the proper U.S.S.G. guideline range. In the alternative, an evidentiary hearing be had to determined if counsel rendered ineffective assistance at sentencing and on appeal, and lastly the court would examine the issue relating to the restoration of his civil rights and how it effects U.S.S.G. § 922 (g) (1).

## CERTIFICATE OF SERVICE

I, Enoch Lacey certify that on this 1st day of July, 2010 I sent a true copy the original plus three (4) of 28 U.S.C.§ 2255 motion to vacate set aside and or correct sentence with attached memorandum to the United States District Court for the Northern District of Illinois United States Courthouse 219 Dearborn Street Chicago, Il. 60604 and an additional copy of the said motion to the office of the United States Attorney 219 Dearborn St. 5th Floor Chicago Il. 60604, by depositing it in the mail at U.S.P., Pollock with FIRST CLASS POSTAGE attached hereto.

Enoch Lacey # 22225-424

U.S.P. Pollock, PO BOX 2099

Pollock, La. 71467

**AFFIDAVIT OF FACTS AND DECLERATION OF TRUTH**

**UNDER THE PENALTY OF PURJURY**

**Pursuant to 28 U.S.C. § 1746**

**Re: United States v. Lacey criminal case no.1:06-cr-00448-1**

I Enoch Lacey, do state that I am over the age of eighteen and that I am in sound mind. That I am not under duress, nor am I being coerced, forced or threatened in any way, verbally or physically, to perform under penalty of perjury.

Affiant does state that the facts outlined herein are true correct to the best of my recollection. I do state that this is not perfected to deceive, trick or mislead the interested party (s), but to uncover the truth and facts.

Executed this 1st day of July, 2010

*Enoch Lacey*

Petitioner