IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | ) | |
|---|---|---|
| ENOCH LACEY, | ) | |
| | ) | |
| Petitioner-Defendant, | ) | Case No. 10 C 4177 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| UNITED STATES, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 10, 2007, Petitioner Enoch Lacey ("Lacey") pled guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(10) and to possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 6, 2008, Lacey was sentenced to a 166- month term of imprisonment and that sentence was affirmed by the Seventh Circuit on June 25, 2009. Lacey now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his § 922(g)(1) conviction; raising an ineffective assistance of counsel claim; and alleging an improper classification under the United States Sentencing Guidelines ("Sentencing Guidelines"). For the following reasons, the Court dismisses Lacey's § 922(g)(1) and Sentencing Guidelines claims as procedurally defaulted and denies Lacey's ineffective assistance of counsel claim as meritless.

**BACKGROUND**

The following factual background is based on the uncontested facts presented in Lacey's appeal to the Seventh Circuit. *United States v. Lacey*, 334 Fed. App'x 25 (7th Cir. June 25, 2009).

In June 2006, Lacey was arrested for selling heroin laced with fentanyl in exchange for two firearms in a transaction with an undercover officer. Lacey was arrested after the transaction and pled guilty.

At the October 6, 2008 sentencing, the Court determined that Lacey had an adjusted offense level of 29 as well as a criminal history category of VI, based on prior convictions for delivery of a controlled substance, unlawful use of a firearm by a felon, and unlawful possession of a controlled substance. The Court determined that the appropriate sentencing range pursuant to the Sentencing Guidelines was a term of imprisonment of 151 to 188 months. The Court then considered Lacey's request for a below-guidelines sentence based on Lacey's allegations that the undercover officer involved in the transaction used excessive coercion. The Court sentenced Lacey to a 166-month term of imprisonment for his violation of 21 U.S.C. § 841(a)(1) and a concurrent term of 120 months for his violation of 18 U.S.C. § 922(g)(1).

Lacey appealed his conviction on procedural grounds, alleging that the Court failed to adequately consider the coercion argument made as a mitigating factor. The appellate court affirmed Lacey's sentence on June 25, 2009, finding the Court's consideration of Lacey's coercion claim "thorough."

Lacey now moves to vacate, set aside, or correct his sentence based on three grounds: that the gun enhancement was based on a previous conviction that could not be used as a predicate offense because his civil rights had been restored; that his counsel was ineffective for failing to argue for a downward departure during sentencing based on coercion; and that the Court erred when it determined at sentencing that he was career offender under § 4B1.1 of the Sentencing Guidelines.

**STANDARD OF REVIEW**

Section 2255 allows a prisoner convicted of a federal crime to move the district court that imposed the sentence to vacate, set aside, or correct the sentence. This relief is only available in cases where there have been jurisdictional or constitutional errors that result in a "complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). It is an "extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

**DISCUSSION**

**I.     Restoration of Civil Rights**

Lacey challenges his § 922(g)(1) conviction for possession of a firearm by a felon. Specifically, he claims that the Illinois Department of Corrections ("IDOC") restored his civil rights following a prior conviction by sending him a letter and that his present possession of a firearm was therefore not a violation of § 922(g)(1). Pursuant to § 922(g)(1), it is unlawful for a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year, whether state or federal, to possess any firearm or ammunition. If the person has had his civil rights restored, however, that conviction does not count unless the "restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).

**A.     Procedural Default**

As an initial matter, the Court must consider whether Lacey procedurally defaulted this claim by failing to raise it on direct appeal. A § 2255 petition is not a substitute for a direct appeal and non-constitutional issues which could have been raised on direct appeal are barred and cannot be

raised in a § 2255 motion. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Bedford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). "A claim that has been procedurally defaulted ordinarily may only be raised in a § 2255 proceeding if the [petitioner] demonstrates that he is actually innocent, or that there is cause and actual prejudice." *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008) (internal quotations omitted).

Though he does not mention the case by name, Lacey bases his § 2255 petition on the Seventh Circuit's *en banc* decision in *Buchmeier v. United States*, 581 F.3d 561 (7th Cir. 2009), decided two and a half months after Lacey's direct appeal. There, the court interpreted a letter sent by the Illinois Department of Corrections informing a convicted felon stating that his civil rights were restored after eight burglary convictions. *Id*. at 564. The letter did not mention any restoration of the right to possess a firearm, and the court found that even if a state considers a person "convicted" for purposes of its own law, if it sends a letter that purports to restore all civil rights the offender's conviction does not count for § 922(g)(1) purposes unless the letter warns the offender that he cannot possess guns. *Id.* at 567. As discussed in more detail below, Lacey contends that he received the same notice as the petitioner in *Buchmeier*. Because *Buchmeier* was decided after Lacey's direct appeal, he could not have raised its holding on direct appeal and the claim is not procedurally defaulted. In any event, the Government did not raise procedural default as a defense to Lacey's petition, and consequently waives any procedural defaults. *See Torzala*, 545 F.3d at 522.

**B.**     **Merits**

Regardless of whether it was procedurally defaulted, Lacey's claim fails on the merits. In 2004, Lacey was convicted of possession of a controlled substance. Lacey claims that he received a notice from the IDOC indicating that his civil rights had been restored after completion of his

4

parole. Lacey includes in his petition excerpts from the notice that he purportedly received. He also alleges that the IDOC notice failed to expressly prohibit him from possessing a firearm in the future. As the government notes, the excerpted language of the notice that Lacey alleges to have received from the IDOC restoring his civil rights is uncannily similar to the IDOC notice provided to the petitioner in *Buchmeier*. Unlike *Buchmeier*, Lacey has not produced any document supporting his claim that the IDOC sent him a notice informing him that his rights were restored after his 2004 conviction. Indeed, in his reply brief, responding to the affidavits submitted by Parole Agent Hart and an IDOC records supervisor stating that they never mailed or filed any IDOC restoration of rights letter, Lacey appears to concede that he may not have received any notice of rights restoration from the IDOC. Doc. 17 at 1-2 ("It is the Parole/Probation agents [sic] responsibility to send my discharge document, informing me I'm discharged and what rights are or are not [re]stored. By making out affidavits claiming they never mailed me one, is a dereliction of duties and I cannot be held accountable for their intentional failure to perform their duties.").

The Seventh Circuit recently clarified, in agreement with the majority of circuits to have considered this issue, that a petitioner's "claim that his civil rights have been restored is essentially an affirmative defense to a criminal charge under 18 U.S.C. § 922(g)(1)." *United States v. Foster*, --- F.3d ----, 2011 WL 2909455 at *12-13 (7th Cir. July 21, 2011) (noting with approval the holding in other circuits that the government does not need to prove beyond a reasonable doubt that a defendant's civil rights have been restored) (citing *United States v. Bartelho*, 71 F.3d 436, 440 (1st Cir. 1995). As such, it is a petitioner's "responsibility to . . . produce evidence showing that his civil rights have been restored." *Id*. Under these circumstances, "the government ha[s] no obligation to present any evidence on the topic." *Id*. This analysis is consistent with the Seventh Circuit's

5

approach, both subsequent to and prior to *Buchmeier*, requiring a defendant challenging his conviction to show by a preponderance of the evidence that his rights were restored. *See Gant v. United States*, 627 F.3d 677, 682-83 (7th Cir. 2010) (defendant relying on the civil rights restoration provision in section 921(a)(20) to challenge his classification as an armed career criminal at sentencing must show, by a preponderance of the evidence, that his civil rights had been restored); *United States v. Vitrano*, 405 F.3d 506 (7th Cir. 2005) (requiring defendant to show by a preponderance of evidence which certificate he likely received from the Wisconsin Department of Corrections reinstating his civil rights and finding that the defendant failed to meet his burden).

Accordingly, Lacey bears the burden to show by a preponderance of the evidence that he received a notification from IDOC restoring his civil rights that failed to specify that his rights to own a firearm were not reinstated. Lacey's excerpted sentences into the body of his petition are insufficient and thus he has failed to meet his burden. *See Foster*, 2011 WL 2909455 at *12 (affirming district court's finding that defendant's claim that he received an IDOC letter restoring his rights, coupled with an affidavit and copies of his Illinois voter registration, voting history report, and a certificate of jury service did not constitute "actual evidence" that his rights had been restored); *Gant*, 627 F.3d at 683 (finding that petitioner, who produced arguably fraudulent documents, did not show by preponderance of evidence that he actually received a letter restoring his rights). Indeed, while Lacey has not submitted any document stating that his civil rights were restored, the government has submitted two affidavits from IDOC employees attesting to the fact that no notice was issued to Lacy or is contained in his IDOC records. Moreover, Lacey appears to concede the possibility that he never received a notice from the IDOC restoring his rights.

As such, Lacey's claim that his civil rights had been fully restored is both procedurally

6

defaulted and meritless. Therefore, the Court dismisses Lacey's first habeas claim.

## II. Ineffective Assistance of Counsel

Lacey alleges that his lawyer, Daniel Martin ("Martin"), provided ineffective assistance of counsel for his failure to file a motion for a downward departure based on § 5K2.12 of the Sentencing Guidelines.

To prove a claim of ineffective assistance of counsel, Lacey must show: (1) that Martin's performance fell below the objective standard of reasonableness; and (2) that as a result of his counsel's performance he suffered prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The Court gives deference to lawyers and maintains a presumption that Martin's conduct was within a "wide range of reasonable professional assistance." *Id*. at 689. The Court must "eliminate the distorting effects of hindsight" and determine whether counsel performed adequately based on the lawyer's perspective and circumstances at the time. *Id*. at 688-89. In other words, to succeed under the first prong, the petitioner must present evidence that rebuts the presumption that counsel's performance represented "reasonable strategic choices." *United States v. Traeger*, 289 F.3d 461, 472 (7th Cir. 2002). To succeed under the second prong, the petitioner must show that but for the attorney's errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Lacey challenges his attorney's performance during his sentencing hearing. He claims that Martin's failure to file a motion for a downward departure based on coercion under the Sentencing Guidelines § 5K2.12 resulted in a higher sentence. Lacey, however, has not satisfied the first prong of *Strickland*. Although Martin did not argue for a downward departure at sentencing, he did seek a below-guidelines sentence as a result of coercion, similar to the argument for coercion outlined in

the Sentencing Guidelines § 5K2.12. On direct appeal, Lacey also argued that the Court failed to sentence him below the guidelines on the argument that coercion was a mitigating factor under § 3553. The Seventh Circuit rejected Lacey's argument, referring to the sentencing hearing transcripts, which detailed the reasoning behind the Court's rejection of the coercion argument. The Seventh Circuit concluded that the Court adequately considered Lacey's coercion argument at sentencing and affirmed the Court's sentence. *See Lacey*, 334 Fed. App'x at 26. Here, the Court defers to counsel's strategic decision not to raise a coercion argument as a downward departure but rather to argue it as a mitigating factor under § 3553 instead. *See, e.g., United States v. Cedano-Rojas*, 1998 WL 547281 at *2 (N.D. Ill. Aug. 27, 1998) (Williams, J.) (finding an attorney's decision not to seek a downward departure on coercion and instead pursuing one on acceptance of responsibility to be "the type of sound, strategic choice that this court cannot disturb."). This strategic choice did not amount to performance that fell below an objective standard of reasonableness. Moreover, even if Lacey was able to demonstrate that his counsel's performance was deficient, he has not shown that this deficiency resulted in prejudice. At sentencing the Court rejected any departure on the basis of coercive behavior or mitigating circumstances that coercion may have created. (Sentencing Tr. 35: 15-17) ("And, therefore, I am going to deny any departure based upon coercive behavior of this mitigating circumstance."). Specifically, the Court noted Lacey's prior convictions and prior transactions with the undercover officer as factors weighing against a plausible coercion defense. Moreover, the Seventh Circuit thoroughly examined and affirmed the Court's reasoning. Therefore, Lacey cannot demonstrate that he was prejudiced based on Martin's decision to argue coercion as a mitigating factor instead of grounds for a downward departure.

As such, the Court denies Lacey's second habeas claim alleging ineffective assistance of

counsel.

### III. Career Offender Status

Lacey challenges his classification as a career offender pursuant to the Sentencing Guidelines § 4B1.1, alleging that a previous conviction was improperly counted. Lacey argues that he was under the age of eighteen when he was previously convicted and that his prior conviction was not a felony because he received a probationary sentence.

Lacey's challenge to his career offender status, however, is procedurally defaulted because it is a non-constitutional issue that he failed to raise on direct appeal. *See Belford*, 975 F.2d at 313. Moreover, Lacey does not set forth reasons for his failure to bring his career offender status claim on direct appeal. Therefore, the Court dismisses Lacey's career offender claim. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *see, e.g., Herrera v. United States*, 108 F.3d 1379 at *1 (7th Cir. 1997) (unpublished opinion finding that petitioner's failure to show that the district court's application of the Sentencing Guidelines caused a complete miscarriage of justice rendered the claim procedurally barred) (internal quotations omitted).

Even if Lacey was not procedurally barred from raising this challenge, his argument is meritless. A defendant is a career offender for purposes of the Sentence Guidelines if he: (1) was at least eighteen years old at the time of the offense; (2) the offense committed was a crime of violence or involved a controlled substance; and (3) he committed at least two other crimes involving violence or controlled substances. U.S.S.G. § 4B1.1 (2002). Section 4B1.2 defines the term "controlled substance offense" as an offense "under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture . . . distribution, or dispensing of a controlled substance . . . or possession of a controlled substance . . . with intent to manufacture . .

9

. distribute, or dispense." U.S.S.G. § 4B1.2 (2009). In determining whether a defendant is a career offender under section 4B1.1, a district court may rely on the Pre-Sentence Report ("PSR") compiled by the Probation Department as long as the report is well-supported and appears reliable. *See United States v. Black*, 636 F.3d 893, 897 (7th Cir. 2011).

At sentencing, the Court found that Lacey was previously convicted of two felony offenses involving controlled substances, one in 1998 for which he pled guilty and another in 2001. (Sentencing Tr. 26: 5-9.) Lacey's counsel did not challenge the use of the 1998 conviction on the basis of Lacey's age but rather challenged it on the basis that he pled guilty to a misdemeanor. The government, however, confirmed that the plea agreement for the 1998 charge was for a felony drug offense. The Court also noted that Lacey was nineteen years old when he was first convicted. (*Id.* at 36: 3-12.) Any conviction over the age of eighteen may be used to calculate career offender status. Lacey's contention that the 1998 offense does not count as a predicate offense under § 4B1.1 because he only received probation is unavailing. Under Illinois law, a crime qualifies as a felony if it is punishable by more than one year in prison. *See United States v. Stokes*, 351 Fed. App'x 115, 116 (7th Cir. Nov. 6, 2009). Although Lacey received probation for his 1998 conviction, a probationary sentence does not alter the classification of the conviction or affect the maximum allowable punishment. *See United States v. McAllister*, 29 F.3d 1180, 1185 (7th Cir. 1994) (probation for a felony is still a conviction for purposes of sentencing enhancement).

Lacey also challenges the Court's calculation of his criminal history, alleging that he only received probation for his 1998 conviction and that the sentence was imposed more than five years before the instant offense. A sentence of probation, however, will acquire criminal history points under Sentencing Guideline § 4A1.1(c). *See United States v. Zuniga-Lazaro*, 388 F.3d 308, 310 (7th

Cir. 2004) (accepting PSR's allotment of criminal history points under § 4A1.1(c) for conditional discharge, holding it akin to probation). Moreover, Lacey mistakenly believes that his 1998 conviction may not be used because it occurred more than five years before he was convicted of his current offense. The Sentencing Guidelines, however, allow convictions to be used in calculating a defendant's criminal history that occurred up to ten years prior. *See United States v. Womack*, 610 F.3d 427, 430 (7th Cir. 2010). Accordingly, Lacey's 1998 conviction was properly considered in the Court's calculation of his criminal history for a 2006 conviction.

As such, Lacey's claim that he was improperly designated a career offender is both procedurally barred and meritless. Therefore, the Court dismisses Lacey's third habeas claim.

## CONCLUSION AND ORDER

For the reasons stated, the Court dismisses Lacey's § 922(g)(1) and career offender challenges as procedurally defaulted and denies his ineffective assistance of counsel claim as meritless.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 2, 2011